**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1701000036 |
| | ) | |
| | ) | |
| JAMIR COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 5, 2018
Decided: March 13, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF SHOULD BE DENIED**

Kelly H. Sheridan, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jamir Coleman, Howard R. Young Correctional Center, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 13th day of March, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

On October 29, 2016, Defendant was indicted on five charges including Burglary Second Degree, Offensive Touching (two counts), Non-Compliance with Bond Conditions and Endangering the Welfare of a Child (hereinafter the "First SC Case").[1] The charges related to an incident that occurred at Defendant's ex-girlfriend's residence whereby he obtained access and assaulted her and her daughter. At the time of the offense there was a no-contact order in place that had been issued by the Court of Common Pleas (the "CCP Case").[2] When Defendant was charged on the First SC Case, the Superior Court also issued a no-contact order with respect to the then alleged victim, the ex-girlfriend. While these matters were pending before the Court, Defendant was indicted on one count of Non-Compliance with Conditions of Bond (the "Second SC Case"). Specifically, it was alleged that

---

[1] *See* Case No. 1610018684.

[2] *See* Case No. 1610012916. The CCP Case was transferred to the Superior Court for disposition.

1

in December of 2016 Defendant knowingly breached a material condition of release by having contact with his ex-girlfriend after a no-contact order had been entered.[3]

In April 2017, Defendant entered into a Plea Agreement and agreed to plead guilty to the charges of Burglary Second Degree, Offensive Touching, and two counts of Non Compliance with Conditions of Bond. The Agreement was intended to resolve the three aforementioned cases then pending against Defendant. The Plea Agreement also included a no-contact provision as well as other terms.

Defendant was sentenced on June 2, 2017, to a total of three (3) years at Level V followed by decreasing levels of supervision. The Sentencing Order included the charges from the First SC Case and the Second SC Case and acknowledged that the remaining charges in the CCP Case were to be *nolle prosequi* and dismissed.

On August 29, 2017, Defendant filed a *pro se* Motion for Postconviction Relief captioned with Case No. 1701000036 (the Second SC Case). Although the Motion addresses his entire sentence/conviction, the only charge relating to the Second SC Case was a charge of Non-Compliance with Conditions of Bond, to which Defendant was sentenced to five (5) years at Level V, suspended after 18 months for 1 year at Level III TASC.

Defendant's Motion argues three grounds for relief: (1) a claim that his attorney informed him that the State was only asking for 1 year, but the State asked

---

[3] *See* Case No. 1701000036.

for 3 years; (2) his belief that counsel advised him his case would be heard in Mental Health Court, but it was not; and (3) he was forced to take a plea because his counsel would not "go to trial and fight for [him]". The record was enlarged and a briefing schedule was issued. Defendant's trial counsel submitted an Affidavit in response to the allegations in the Motion,[4] and the State filed a Response.[5] The record is now complete and the following is my Report and Recommendation that Defendant's Motion should be DENIED.

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[6] This is Defendant's first motion for postconviction relief and it was timely filed pursuant to Superior Court Criminal Rule 61.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant

---

[4] D.I. # 19.

[5] D.I. # 21. Defendant was afforded an opportunity to file a reply in support of his motion but failed to do so by the deadline set in the Briefing Schedule.

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

3

actual prejudice.[7] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[8] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[9] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[10] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[11]

Defendant's first claim is directly contradicted by the record. The Plea Agreement,[12] signed by Defendant, clearly provides that the State's recommendation would depend on Defendant's contact with his ex-girlfriend between the time of plea

---

[7] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[8] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[9] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[10] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[11] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[12] *See* D.I. # 7.

and sentencing. If the Defendant incurred additional charges for violating the no-contact provision, then the State would request "additional" Level V time. The Plea Agreement also indicates that the State agreed to cap its Level V recommendation to 3 years. Nowhere in the Plea Agreement is there a reference to a "deal" for 1 year at Level V. More importantly, the Court is not bound by the State's recommendation, and there is no right to enter into a plea agreement for a specific sentence or range of sentence.[13]

In addition to the Plea Agreement, Defendant signed a Truth in Sentencing Form that acknowledged the minimum mandatory Level V time for Burglary Second Degree of 1 year, and that the total maximum penalty he could face included possibly 12 years and 30 days at Level V, plus fines. Defendant was sentenced well within the lower end of the guidelines. Therefore, not only has Defendant failed to demonstrate ineffective assistance of counsel, but Defendant cannot establish prejudice resulted in this matter.

Next, although Defendant believes that his case may have been suitable for transfer to the Mental Health Court, he presents nothing in support. The record is devoid of any "promises" that the case would be handled as part of the Mental Health Court. In fact, trial counsel's Affidavit in Response referenced Defendant's

---

[13] *Somerville v. State*, 703 A.2d 629, 632-633 (Del. 1997); Superior Court Criminal Rule 11(e).

interview notes whereby Defendant answered "no" to all mental health questions. The Affidavit further affirms that "defendant did not exhibit any mental health issues that would have led trial counsel to believe that a mental health evaluation was appropriate…[and] trial counsel was unaware of any mental health issues that would qualify defendant for mental health court." Trial counsel will not be deemed ineffective for failing to pursue meritless motions.[14]

Defendant's remaining claim, that he was coerced into accepting the plea, fails as well. As trial counsel attests, "Defendant was not coerced." The Plea Agreement, Truth in Sentencing Form, Transcript from the Plea Hearing and Transcript from the Sentencing Hearing all contradict Defendant's assertion. Defendant acknowledged that he freely and voluntarily decided to plead guilty, that he was not promised anything that was not stated in the Plea Agreement and that he was not threatened or forced to enter the plea.

The Court engaged in a detailed colloquy with Defendant, read the facts supporting each charge and Defendant admitted the acts and plead guilty. A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant here is bound by his statements to the Court.[15] Defendant

---

[14] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[15] *Windsor v. State*, 2015 WL 5679751, at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

6

has provided no basis to deviate from the Court's decision to accept the plea and has offered no facts or circumstances to support coercion.[16] Defendant is now bound by his answers and has failed to offer clear and convincing evidence that his guilty plea was coerced.[17]

Finally, Defendant has not established any prejudice arising from trial counsel's representation at the plea stage of the proceedings. In this case, the plea provided Defendant with a clear benefit – not only was the CCP Case dismissed, but Defendant received a sentence well within the lower end of the sentencing guidelines. Defendant has thus failed to rebut the presumption of reasonable professional conduct under the circumstances as well as the second prong requiring Defendant to demonstrate actual prejudice.

---

[16] *See e.g., Rogers v. State*, 2003 WL 2008195 (Del. 2003) (finding claim that plea was involuntary due to ineffective assistance of counsel was contradicted by the Truth-in-Sentencing Guilty Plea Form and by defendant's statements at the plea colloquy).

[17] *State v. Brown*, 2010 WL 8250799, at \*3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Jamir Coleman
    Kelly H. Sheridan, Esquire
    Raymond Armstrong, Esquire

8